# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2018

Lyle W. Cayce
Clerk

PEDRO VIVAS-LEMUS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 870 344

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pedro Vivas-Lemus petitions for review of a decision of the Board of Immigration Appeals ("BIA"). He challenges the denial of relief from removal, including applications for withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture ("CAT"). According to Vivas-Lemus, the BIA and Immigration Judge ("IJ") did not base their decisions on substantial evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60160

We review only the final decision of the BIA unless the IJ's ruling affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). The BIA's legal conclusions are reviewed *de novo* "unless a conclusion embodies [the BIA's] interpretation of an ambiguous provision of a statute that it administers," in which case deference is given to a reasonable interpretation. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (quotation marks and citation omitted). We review findings of facts, including eligibility for withholding of removal and protection under the CAT, for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 343 (5th Cir. 2005).

Vivas-Lemus has not shown that the record compels a finding that he was statutorily eligible for withholding of removal. *Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004). Although Vivas-Lemus attempts to distinguish his proposed particular social group from those previously rejected, *see Orellana-Monson*, 685 F.3d at 516, 519–20, his arguments fail. Notably, the BIA considered the country conditions evidence highlighted by Vivas-Lemus and concluded that the evidence does not make the distinction that he advances. Nor has he cited to any other record evidence to support that his proposed social group is a cognizable basis for withholding of removal.

Likewise, Vivas-Lemus has not shown that the record evidence compels a finding that he was eligible for CAT protection. *Chen v. Gonzales*, 470 F.3d 1131, 1134, 1140 (5th Cir. 2006). To be eligible for CAT protection, the applicant must show that it is more likely than not that he would be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). Although Vivas-Lemus cites the same country conditions evidence, he has not shown how it compels a finding that he would more likely than not be tortured. *See Chen*, 470 F.3d at 1134, 1140.

PETITION DENIED.

2